IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LETICIA RUTH IANNACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Civil Action No.  21-177 |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

AND NOW, this 8th day of July, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. §405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]   Kilolo Kijakazi is substituted as the Defendant in this matter, replacing the former Commissioner pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. §405(g).  The Clerk is directed to amend the docket to reflect this change.

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff first argues that the Administrative Law Judge ("ALJ") erred by failing to address her treating doctors' opinions as to her ability to work and potential need for surgery in the future. (Doc. No. 10, pp. 12-13). In so doing, Plaintiff asserts that the ALJ failed to indicate the weight given to these opinions and that they should have been given great weight as treating physicians. However, particularly in light of the substantial changes to the Social Security Administration's regulations in 2017, Plaintiff's reliance on the treating physician's doctrine is wholly misplaced.

Plaintiff's application was filed in March of 2019. For claims like hers, filed on or after March 27, 2017, the regulations governing the types of opinions considered, what constitutes a medical opinion, and the approach to the evaluation of opinions by ALJs were amended, and the treating physician rule was eliminated. *See* 20 C.F.R. § 404.1520c. The new regulations define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the ability to perform the demands of work activities. *Id.* at § 404.1513(a)(2). None of the statements to which Plaintiff points constitute a medical opinion under the new regulations.

The Court further notes that the ultimate question of disability has been an issue reserved solely for the Commissioner even before the 2017 amendments to the regulations, and the ALJ is not required to address opinions on the same. The Third Circuit has consistently provided that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520c; 404.1546(c). Accordingly, a statement by a physician that a claimant is "disabled" or "unable to work" is not binding on the ALJ. 20 C.F.R. § 404.1520b(c)(3)(i); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). Such evidence is "inherently neither valuable nor persuasive," and an ALJ need not provide "any analysis about how [he/she] considered such evidence." 20 C.F.R. § 404.1520b(c). As a result, the ALJ was not required to consider such evidence, and the Court finds no error in not discussing the same.

Plaintiff next argues that the ALJ failed to acknowledge or address a diagnosed impairment, specifically traumatic brain injury, and that remand is therefore required. (Doc. No. 10, pp. 13-14). The Court is not persuaded by this argument. At Step Two of the sequential analysis performed by an ALJ, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. *See* 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of proof at this step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Contrary to Plaintiff's argument, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004). Rather, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *See id*. An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities

and/or does not last or is not expected to last for a continuous period of at least 12 months. *See* 20 C.F.R. §§ 404.1520(c), 404.1509.

Typically, at Step Two when an ALJ finds at least one impairment to be severe and continues on with the sequential analysis, the failure to find any additional impairment to be severe is harmless because the plaintiff is not denied benefits at Step Two. *See Salles v. Comm'r of Social Sec.*, 229 Fed.Appx. 140, 144-145, n. 2 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, \*\*4-5 (W.D. Pa. Mar. 24, 2009). Rather, the ALJ proceeds beyond this step and continues with his or her analysis. In so doing, an ALJ makes a residual functional capacity ("RFC") determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will consider a claimant's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF. *See* SSR 96-8p, 1996 WL 374184 (S.S.A.), at \*5 (July 2, 1996); 20 C.F.R. § 404.1545(a)(2).

In this case, the ALJ considered the "entire record" to determine if Plaintiff had an impairment or a combination of impairments that is severe and found Plaintiff to have the following severe impairments: left eye ptosis/loss of vision, residual facial injuries from motor vehicle accident, and limited range of motion of the jaw. (R. 17-18). The ALJ then proceeded to the next steps in the sequential analysis. (R. 18-26). Thus, Plaintiff was not denied benefits at Step Two. In continuing to evaluate Plaintiff's claim, the ALJ acknowledged that in making the RFC determination she considered all symptoms. (R. 20). Therefore, any purported error was harmless. Moreover, contrary to assertions, the ALJ discussed Plaintiff's head injury in terms of her mental abilities and cognitive functioning and found Plaintiff had no more than a "mild" limitation in her mental functioning abilities. (R. 18-19). Thus, remand on this basis is not warranted.

Plaintiff also submits that the ALJ failed to properly evaluate her subjective complaints. (Doc. No. 10, pp. 14-17). In support of the same, Plaintiff cites to Social Security Ruling 96-7p and suggests that her testimony must be given "great weight." (*Id.* at 17). Ruling 96-7p, however, was superseded by Social Security Ruling 16-3p. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A.) (March 16, 2016). Thus, reliance on the same is misplaced.

Pursuant to Ruling 16-3p, when considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. The ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *See id*.

3

Plaintiff boldly assert that "there is no assessment of claimant's testimony of subjective complaints." (Doc. No. 10, p. 15).  A review of the record reveals, however, that the ALJ did in fact discuss Plaintiff's subjective complaints throughout the decision and followed the proper method as set forth above. (R. 15-26).  The ALJ considered Plaintiff's statements and found them to be "not entirely consistent with the medical evidence and other evidence in the record." (R. 20).  Specifically, the ALJ compared Plaintiff's statements to the medical evidence of record, the treatment records, objective tests, the opinion evidence, and her various activities of daily living. (R. 20-24).  Based on the entire record, the Court finds that there is substantial evidence to support the ALJ's decision that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record.

Finally, Plaintiff argues that the RFC determination was not supported by substantial evidence.   As part of the evaluation of a social security claim, an ALJ is charged with formulating a claimant's RFC based on all of the relevant evidence.  *See* 20 C.F.R. § 404.1545(a).  Accordingly, an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence.  *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009).  Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.  *See Burnett,* 220 F.3d at 121 (citing *Cotter,* 642 F.2d at 705).  There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can determine the basis of the decision.  *See Fargnoli*, 247 F.3d at 42; *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").  Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding.  *See Cotter*, 642 F.2d at 705.  An ALJ need only include in the RFC those limitations credibly established.  *See Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014).

At issue here is Plaintiff's ability to speak due to her alleged reduced jaw motion.  To that end, Plaintiff asserts that the ALJ erred by failing to include any such limitations in her RFC and the hypothetical questions posed to the vocational expert. (Doc. No. 10, pp. 17-20).  To bolster her argument on this point, Plaintiff cites to evidence she believes supports her position that she is disabled.  However, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Therefore, any argument that her position also has record support is misplaced.

Along those same lines, Plaintiff suggests that the ALJ failed to account for all of her limitations in the RFC that she formulated and in the hypothetical questions posed to the vocational expert.   To the extent that Plaintiff takes issue with the hypotheticals posed and the ALJ's reliance thereon, the Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n. 8 (3d Cir. 2005).  Hypotheticals posed to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED as set forth herein.

s/ Alan N. Bloch
United States Senior District Judge

ecf:    Counsel of Record

---

vocational experts need not reflect every impairment alleged by a claimant. *See id.* at 544. Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id.*

Here, a review of the decision as a whole reveals that substantial evidence supports the ALJ's RFC assessment. In formulating the RFC, the ALJ discussed allegations, treatment history, consultative examinations, medical opinions, and activities of daily living. (R. 20-24). The ALJ did not find Plaintiff could perform a full range of work. Rather, the ALJ found Plaintiff could perform only light work with various numerous exceptions. (R. 19-20). In finding the same, the ALJ specifically discussed Plaintiff's jaw issue noting she was doing "Ok" and had a limited range of motion with pain rated at 3 out of 10. (R. 21). The Court notes that a plaintiff need not be pain-free or symptom-free to be found not disabled. The ALJ also pointed out that Plaintiff reported that she was "doing well" and noted only "intermittent pain in her face." (*Id.*) By December of 2019, Plaintiff was able to open her mouth more, and her facial structure was much improved. (R. 22). While acknowledging her jaw pain, the ALJ found it still allowed "her to maintain attention and concentration for two-hour segments and work at a consistent pace." (R. 22). After a careful review, this finding is supported by substantial evidence. The Court must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

Accordingly, for all of the reasons stated herein, the Court finds that the ALJ applied the proper legal standards in this case and that substantial evidence supports the ALJ's decision. The Court, therefore, affirms the decision.